# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EARL PARRISH, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. CV407-048 |
| WARDEN TILLMAN, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an answer. Doc. 6. For the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

On February 3, 1997, a Chatham County jury convicted petitioner for one count of rape. Resp. Ex. 1a at 1. The trial court sentenced petitioner to life imprisonment. Id. Petitioner directly appealed to the Georgia Court of Appeals on March 11, 1999, which affirmed the conviction. Id.; Parrish v. State, 514 S.E.2d 458 (Ga. Ct. App. 1999). He filed a motion for

reconsideration in the appellate court, which was denied on March 30, 1999. Id. at 2. A petition for certiorari to the Georgia Supreme Court was denied on June 4, 1999. Resp. Ex. 1a at 1.

Petitioner filed a state habeas corpus petition in the Lowndes County superior court on January 6, 2000. Id. at 1. He amended his petition on November 6, 2000, February 1, 2001, February 7, 2001, February 15, 2005, June 5, 2002, July 21, 2003, and July 20, 2004. See Resp. Ex. 3. The court held a hearing regarding the state petition on April 16, 2003, and denied the petition on March 30, 2006. Id. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief on October 31, 2006 and denied his motion for reconsideration on December 15, 2006. Resp. Ex. 4.

Petitioner filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 12, 2007, asserting the following grounds for relief:

> 1. Appellate counsel was ineffective for failing to challenge trial counsel's failure to:
>    a.   object to the prosecutor's comments on the victim's veracity;
>    b.   object to the state's comments on petitioner's silence;

- c. request a jury charge on petitioner's Fifth Amendment right to remain silent;
- d. have DNA tests done on petitioner's pants;
- e. raise on appeal petitioner's right to present his "sole theory of defense" at trial;
- f. investigate the case or put up a meaningful defense;
- g. object to the state's use of a coerced statement;
- h. challenge petitioner's arrest warrant;
- i. object to the state's reference to its "investigatory apparatus;"
- j. afford petitioner his right to allocution at sentencing;
- k. avoid a conflict of interest; and
- l. assert that petitioner was denied cross-examination of the victim regarding her motive for alleging charges against petitioner.[1]

2. Trial counsel was ineffective for:
   - a. failing to object when the prosecutor told the jury that the victim was telling the truth (or get a curative instruction);
   - b. failing to object to the state's reference to its "investigatory apparatus";
   - c. failing to object to the state's comments on petitioner's silence;
   - d. failing to request a jury charge on petitioner's right to remain silent;
   - e. allowing the state to use false blood evidence of the victim found on petitioner's clothes in order to obtain a conviction;
   - f. failing to present petitioner's alibis, witnesses, and other evidence to prove his innocence;
   - g. failing to attack the coerced statement made by petitioner prior to the Jackson-Denno hearing;
   - h. failing to investigate petitioner's arrest, which was based on a warrant without probable cause;

---

[1] Petitioner added this last claim for ineffective assistance of appellate counsel in his July 27, 2007 "Notice of Clarification." Doc. 23.

      i.      causing petitioner to be denied his right to allocution at sentencing; and
      j.      permitting a conflict of interest regarding petitioner.
3. The trial court erred by denying petitioner the right to present his "sole theory of defense."
4. The appellate court violated petitioner's right to due process by denying him the right to present pro-se briefs and motions on direct appeal.
5. The prosecution committed fraud by using false evidence against petitioner.

Doc. 1 Addendum.[2]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Respondent has addressed claims in addition to those listed above. Doc. 7 at 6-16. After reviewing the petition and the exhibits, it appears that respondent mistook petitioner's "exhibit B" (his petition for probable cause to appeal the denial of his state habeas petition) to be part of his federal habeas petition. See Doc. 1 Ex. B.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neelley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.³ A legal principle is "clearly established if Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neelley, 138 F.3d at 923. A decision is "contrary to" the then

---

³ Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996); accord Green v. French, 143 F.3d 865, 874 (4th Cir. 1998). "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 529 U.S. 362, 412 (2000).

existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 519 U.S. 1074 (1997).[4] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neelley, 138 F.3d at 924; see H.R. Conf. Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996) (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended §

---

[4] The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable" the Neelley court concluded that a federal court may grant the writ "only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists." Neelley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). The Eleventh Circuit later recognized that the "reasonable jurist" standard, which the Neelley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 409-10 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The

7

federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. ANALYSIS

### A. Ineffective Assistance of Appellate Counsel

Petitioner, who was represented by new counsel on appeal, first contends that he received ineffective assistance of appellate counsel. Doc. 1 Addendum at 1. He claims that appellate counsel failed to challenge trial counsel's failure to: (1) object to the prosecutor's comments on the victim's veracity, (2) object to the state's comments on petitioner's silence, (3)

request a jury charge on petitioner's Fifth Amendment right to remain silent, (4) have DNA tests performed on petitioner's jeans, (5) raise on appeal petitioner's right to present his "sole theory of defense" at trial, (6) investigate the case or put up a meaningful defense, (7) object to the state's use of a coerced statement, (8) challenge petitioner's arrest warrant, (9) object to the state's reference to its "investigatory apparatus," (10) afford petitioner his right to allocution at sentencing, (11) avoid a conflict of interest, and (12) assert that petitioner was denied cross-examination of the victim regarding her motive for reporting petitioner to the authorities. Id. at 1-31; Doc. 23 at 2. Respondent asserts that the Court should defer to the state habeas court's finding that appellate counsel was constitutionally effective. Doc. 7 at 6.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant

must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477

U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

Petitioner raised all but the last enumeration of ineffective assistance of appellate counsel in his state habeas corpus petition.[5] Resp. Ex. 3 at 2-8. The habeas court evaluated petitioner's contentions under the Strickland standard and found appellate counsel constitutionally adequate. Id. at 10-14. Counsel testified at petitioner's hearing before the state habeas court. Id. He stated that he discussed the case with petitioner by telephone and through correspondence, met with petitioner's father and brother, and met

---

[5] As petitioner never before raised this claim until filing his § 2254 petition, the claim is procedurally defaulted. See infra.

with petitioner in person at the initial motion for a new trial hearing. Id. at 12. He also read the entire trial transcript and provided a copy to petitioner. Id. Counsel testified that he did not raise petitioner's claims in the appeal because he did not believe they were relevant. Id. at 13. The habeas court reviewed counsel's testimony and found that petitioner "failed to demonstrate that any of counsel's performance was deficient. Moreover, Petitioner has failed to demonstrate any actual prejudice in his case." Id.

The state habeas court "compared the strengths of the errors raised against the significance and obviousness of the alleged errors passed and [found] that Petitioner has failed to rebut the presumption of effective assistance of appellate counsel." Id. That court also found that "decisions as to which issues to raise on appeal were reasonable tactical moves which any competent attorney in the same situation would have made." Id. Finally, the habeas court determined that petitioner failed to show any actual prejudice, stating that "petitioner has not met his burden in demonstrating a reasonable probability that, but for any of counsel's acts or omissions, the results of the proceeding would have been different." Id. at 14.

In evaluating these claims, the state habeas court faithfully and reasonably applied Supreme Court precedent in concluding that counsel's performance did not constitute ineffective assistance of counsel as contemplated in Strickland. Consequently, petitioner's claims are without merit and should be **DENIED.**

### B. Procedural Default

Respondent alleges that several of petitioner's claims are procedurally defaulted, including his claims for (1) ineffective assistance of trial counsel (ground 2), (2) denial of due process through prohibiting his submission of pro-se briefs and motions on appeal (ground 4), and (3) prosecutorial fraud (ground 5). Doc. 7 at 12.

Under Georgia law, claims not raised in a timely manner under the proper procedure at trial and in the direct appeal may not be reviewed in a habeas corpus proceeding absent a showing of cause or prejudice. O.C.G.A. § 9-14-48(d); Agan v. Vaughn, 119 F. 3d 1538, 1549 (11th Cir. 1997); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985). The authority of federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow

13

applicable state procedural rules. Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998); Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Although petitioner asserts numerous instances of ineffective assistance of counsel in ground two of his petition, doc. 1 Addendum at 32,[6] on direct appeal to the Georgia Court of Appeals petitioner only claimed that his trial counsel was ineffective for failing to meet with him often

---

[6] He alleges that trial counsel failed to: (1) object to the state's comment on the victim's veracity, (2) object to the state's comment on the influence of the state's "investigatory apparatus," (3) object to the state's comments on the petitioner's silence, (4) request a jury charge on petitioner's right to remain silent, (5) object to the use of false blood evidence of the victim found on the defendant's clothes, (6) present any evidence for the defense at trial, (7) object to the state's use of a coerced statement, (8) challenge the arrest warrant, (9) secure petitioner's right to allocution at sentencing, and (10) withdraw for having a conflict of interest. Id. at 32-33.

enough to adequately discuss the case, failing to call numerous witnesses, and refusing to allow him to testify. Parrish, 514 S.E.2d 458, 467. (Ga. Ct. App. 1999). None of the allegations of inadequate assistance asserted in his federal petition was argued before the state appellate court.

Petitioner also argues that appellate counsel did not object to trial counsel's failure to assert that petitioner was denied cross-examination of the victim regarding her motive for reporting petitioner to the authorities. Doc. 23 at 2. Petitioner did not raise this issue in his state habeas proceeding, procedurally defaulting the claim.

Failure to enumerate alleged errors at trial or on appeal operates as a waiver, creating a procedural bar to their consideration in a state habeas proceeding. Black, 336 S.E.2d at 755. As petitioner failed to raise the trial counsel claims on appeal, the habeas court found that they were procedurally defaulted under O.C.G.A. § 9-14-48(d). Resp. Ex. 3 at 9. Petitioner's claim for inadequate assistance of appellate counsel is barred under Georgia's successive petition rule, which requires that all grounds for habeas relief be raised in the initial or amended state habeas petition. O.C.G.A. § 9-14-51.

Petitioner does not demonstrate the cause and prejudice required to overcome a procedural default. "Cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier., 477 U.S. 478, 488 (1986). Petitioner has shown no external force which prevented him from raising his claims. As the appellate court and state habeas court properly found trial and appellate counsel to be constitutionally adequate, petitioner cannot use inadequate assistance of counsel to demonstrate cause for his procedural default. Parrish, 514 S.E. 2d at 467; Resp. Ex.3; see Murray, 477 U.S. at 488. Accordingly, he has shown no cause and prejudice for his procedural default, nor has he demonstrated his actual innocence. Thus, petitioner has presented no basis for excusing the procedural default. "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims, 155 F.3d at 1311 (citations omitted). Accordingly, the Court recommends that petitioner's claims under ground two be **DENIED**.

Petitioner alleges in ground four that he was denied due process, as

he was prohibited from filing pro-se briefs and motions on direct appeal. Doc. 1 Addendum at 35-36. The appellate court found that his briefs, filed seven months after the appellate brief, attempted to add enumerations of error. Parrish, 514 S.E.2d at 467. Under Court of Appeals Rule 24, enumerations of error may not be amended or supplemented after the time for filing the appellate brief has expired. Id. As the claims were not properly presented under the correct procedure, the claims are procedurally defaulted unless petitioner demonstrates cause and prejudice or actual innocense. Again, petitioner has failed to demonstrate cause, prejudice, or actual innocense. Accordingly, it is recommended that petitioner's claims under ground four be **DENIED.**

Petitioner argues in ground five that the prosecutor committed fraud by knowingly using false evidence against the petitioner. Doc. 1 Addendum at 37-40. This claim was not raised in the direct appeal, resulting in a waiver of the claim under Black. The state habeas court found it to be procedurally defaulted and determined that petitioner had failed to demonstrate cause and prejudice. Resp. Ex. 3 at 9.

Petitioner argues that the prosecutor falsely stated during closing

arguments that a pair of defendant's jeans were "bloodstained." Doc. 1 Addendum at 37-40. Petitioner states that he knew the jeans were not stained with blood, but with "red steel paint primer . . . known to and referred by painters as 'oxblood.'" Id. at 38. After trial, petitioner had the jeans scientifically tested, showing conclusively that the jeans were not stained with blood. Doc. 1. Ex. 106.

Petitioner has failed to show any external force which worked to prevent him from raising the claim on appeal. "Cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. As he knew the jeans were not stained with blood, he could have tested the jeans earlier, proving this issue at trial or on appeal. Petitioner has failed to demonstrate that counsel performed in a constitutionally ineffective manner. He therefore cannot rely upon ineffective assistance to establish cause for this procedural default. Id. Furthermore, even conclusive proof that the jeans were not bloodstained fails to demonstrate that petitioner is actually innocent. Substantial circumstantial and witness testimony supported the

jury's verdict. Parrish, 514 S.E.2d at 461-62. For these reasons, petitioner's claim under ground five should be **DENIED.**

C.   **"Sole Theory of Defense" Not a Constitutional Claim**

Finally, petitioner alleges in ground three of his § 2254 petition that the trial court denied admission of his "sole theory of defense." Doc. 1 Addendum at 13-17, 34. He claims that the trial court prejudiced his defense by refusing to admit evidence that the victim was part of a drug and counterfeiting ring. Id.

Petitioner is reminded that 28 U.S.C. § 2254 permits a court to decide "whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); Rose v. Hodges, 423 U.S. 19, 21 (1975); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Section 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

The appellate court rightfully stated that petitioner is arguing

evidentiary issues of relevance that fall within the "sound discretion of the trial court." Parrish, 514 S.E.2d at 465. The evidentiary rules employed in this case are creatures of state law, not federal law. As petitioner has failed to demonstrate to the Court that the state court's ruling is of constitutional consequence, it is recommended that petitioner's claim under ground three be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the instant petition should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 23rd day of October 2007.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**